UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv14
(3:05cr82)

| | |
|---|---|
| KEVIN CARTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

THIS MATTER is before this Court on Petitioner's Submissions Pursuant to Order of the Court, filed April 27, 2009. (Doc. No. 7).

On March 16, 2009, the Government filed a response with exhibits to counter the allegations contained in Petitioner's Motion to Vacate. (Doc. No. 5). Accordingly, the Court construed such response as a Motion for Summary Judgment and advised Petitioner in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of his burden to respond. (Doc. No. 6: Order). Petitioner has now responded but claims he never received a copy of the Government's response and exhibits. (Doc. No. 7 at 1). Additionally, the Government has moved for summary judgment (Doc. No. 8) based on its original response (Doc. No. 5) and served Petitioner with copies of both documents.

Now that Petitioner should have received the Government's pleadings, the Court again advises Petitioner, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of the heavy burden that he carries in responding to the Government's Motion for Summary Judgment.

Rule 56(e)(2), Federal Rules of Civil Procedure, provides:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against the adverse party.

This language means that if the Petitioner has any evidence to offer to show that there is a genuine issue for trial, he must now present it to this Court in a form which would otherwise be admissible at trial, that is, in the form of affidavits or unsworn declarations. An affidavit is a written statement sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted. Affidavits or sworn statements must be presented by Petitioner to this Court within thirty (30) days of the entry of this Order. <u>As stated by Rule 56(e)(2), Petitioner's failure to respond may result in granting summary judgment to the Government, that is, the dismissal of the Motion to Vacate with prejudice</u>.

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner has thirty (30) days from the entry of this Order to file his response, including any evidence, to the Government's Motion for Summary Judgment;

(2) The Clerk is directed to send copies of this Order and Notice to the parties, including Petitioner, Kevin Carter, No. 20338-058, FCI Butner, Medium II, P.O. Box 1500, Butner, NC 27509.

    Signed: May 7, 2009

Robert J. Conrad, Jr.
Chief United States District Judge